UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                                         Case No: 2:17-cv-595-FtM-38CM

THE GARDENS OF GULF COVE
POA, INC, JOHN ANDERSON,
BREEN LUCILLE, JACK
ARLINGHAUS, DAHL HERMAN,
FRED STREIF, NAMY THOMPSON
PL, STEPHEN W. THOMPSON,
JOSEPH NAJMY, LOUIS NAJMY,
RICHARD WELLER, RANDOLF L.
SMITH and MICHAEL J. SMITH,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on *pro se* Plaintiff Christine E. Marfut's Request for Emergency Injunctive Relief. (Doc. 27). For the following reasons, the Court denies her motion.

Two years ago, Defendant Gardens of Gulf Cove Property Owner's Association, Inc. filed a complaint for lien foreclosure against Marfut in county court. (Doc. 25-1). Gardens of Gulf Cove did so because Marfut allegedly did not pay her homeowners' association assessments. (Doc. 25 at 1-2). Marfut moved to transfer the case to the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

circuit court, arguing the amount in controversy exceeded the jurisdictional maximum for county court. When the court denied her motion last month, she appealed. And the appeal is still pending.

In addition to the appeal, Marfut filed this federal suit against Defendants. She alleges they have violated the mail fraud, wire fraud, honest services fraud, and conspiracy federal statutes. (Doc. 1). She also requests injunctive relief from the foreclosure action. (Doc. 1 at ¶¶ 64-67). She specifically wants the Court to stay the foreclosure trial because the county court "does not have subject matter jurisdiction to try a case which involves title to and possession of real property." (Doc. 13 at ¶ 66). According to Marfut, her constitutional rights have been violated because the county court has neither dismissed the case for lack of subject matter jurisdiction nor sent the case to the circuit court. (Doc. 1 at ¶ 67). Because the county court case still "has not been removed from the docket," Marfut files this emergency motion asking the Court to stay the case. (Doc. 27 at 2).

But the Court has no authority to grant Marfut such relief. Under the Anti-Injunction Act, a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The . . . 'necessary in aid of its jurisdiction exception [] applies in two narrow circumstances: (1) the federal court gains jurisdiction over *res* in an *in rem* proceeding a party brings a subsequent state court action; or (2) the federal court is presented with a similar context," *e.g.,* the need to protect an earlier-issued injunction. See *Arthur v. JP Morgan Chase Bank, NA,* 569 F. App'x 669, 678 (11th Cir. 2014) (citation omitted). The third exception

"is applicable where subsequent state law claims 'would be precluded by the doctrine of res judicata' . . . In addition to the existence of a federal judgment, 'the party seeking the injunction must make a strong and unequivocal showing of relitigation.'" *Id.* at 678-79 (citations omitted).

Here, Marfut's motion requesting the Court to stay the county court trial falls squarely under the Anti-Injunction Act. And there is no applicable exception to grant Marfut the relief she requests. Regardless of how liberally the Court construes her motion, it lacks any authority to direct the county court to stay the upcoming trial. *See, e.g., Reed v. U.S. Bank Nat'l Assoc.*, No. 8:17-cv-1051-T-33AEP, 2017 WL 1906297, at *2 (M.D. Fla. May 10, 2017) (denying plaintiff's request for a temporary restraining order to stop her eviction under the Anti-Injunction Act); *Dyer v. The Bank of N.Y. Mellon*, No. 5:17-cv-130-Oc-30PRL, 2017 WL 1165552, at *2 (M.D. Fla. Mar. 29, 2017) (same). Whether the county court has jurisdiction to handle the foreclosure action is a matter for the state courts to decide.

Accordingly, it is now

**ORDERED:**

Plaintiff Christine E. Marfut's Request for Emergency Injunctive Relief. (Doc. 27) is **DENIED**.[2]

**DONE and ORDERED** in Fort Myers, Florida this 28th day of November, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Although the Court denies Marfut's Request for Emergency Injunction Relief, the case remains open as to her other claims. (Doc. 1).