UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                                         Case No: 2:17-cv-595-FtM-38CM

THE GARDENS OF GULF COVE
POA, INC, JOHN ANDERSON,
BREEN LUCILLE, JACK
ARLINGHAUS, DAHL HERMAN,
FRED STREIF, NAMY
THOMPSON PL, STEPHEN W.
THOMPSON, JOSEPH NAJMY,
LOUIS NAJMY, RICHARD
WELLER, RANDOLF L. SMITH
and MICHAEL J. SMITH,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion for Leave to Appear Telephonically (Doc. 44) filed on January 11, 2018 and Plaintiff's Motion that Defendant, and Counsel, Randolph L. Smith Be Disallowed from Representing Co-Defendants pursuant to USC Title 26a, Rule 24 Appearance and Representation (Doc. 47).

First, Defendants seek to appear telephonically at the Preliminary Pretrial Conference ("PPTC") scheduled for February 7, 2018. Doc. 44. The Court will direct the parties to appear in person at the PPTC because Plaintiff is proceeding as *pro se*. Nonetheless, the Court reminds the parties that they have not complied with the Court's Order to file a Case Management Report. Doc. 41. Although the Court

ordered the parties on or before January 29, 2018 to file a Case Management Report, the parties have not filed any. Doc. 41 at 3. Accordingly, the Court will order the parties to show cause as to why the PPTC should not cancelled and they should not be sanctioned for failure to comply with the Court's Orders, or, alternatively, to file a joint Case Management Report prior to close of business on February 5, 2018.

Next, Plaintiff's motion seeks to disqualify counsel Randolph L. Smith from representing Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith and Michael J. Smith. Doc. 50. Plaintiff argues that as a named Defendant here, counsel Smith has a conflict of interests with his clients, prosecuted a case against Plaintiff in state court and may serve as a witness in this case. Doc. 47 at 2. Counsel Smith responds Plaintiff's motion does not comply with Local Rule 3.01(g) and lacks merit. Doc. 50.

"The disqualification of one's chosen counsel is an extraordinary measure that should be resorted to sparingly." *Metrahealth Ins. Co. v. Anclote Psychiatric Hosp., Ltd.*, 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (citations omitted). Court should not disqualify counsel except "when absolutely necessary." *Id.* (citation omitted). The party seeking to disqualify counsel bears the burden to establish grounds for the disqualification. *Houston Specialty Ins. Co. v. Titleworkers of Sw. Fla., Inc.*, No. 2:15-cv-219-FtM-29MRM, 2016 WL 7130938, at *4 (M.D. Fla. Apr. 12, 2016) (citing *Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt., Inc.*, No. 07-21489-CIV, 2008 WL 1994857, at *1 (S.D. Fla. May 6, 2008)).

Here, the Court finds Plaintiff does not establish any grounds for the disqualification of counsel Smith. Doc. 47; *see id*. The professional conduct of the attorneys admitted to practice before this Court is governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida. M.D. Fla. R. 2.04(d). In contrast, as part of her argument, Plaintiff relies on Rule 24 of the Rules of Practice and Procedure of the United States Tax Court, which does not apply here. Doc. 47 at 3; *see* Tax Court Rule 24.

Plaintiff further refers to Rule 1.8(g) of the Model Rules of Professional Conduct of the American Bar Association, which states:

> A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

Model Rules of Prof'l Conduct R. 1.8(g) (2016). Counsel Smith responds he complied with this rule by obtaining informed consent in writing from each of his clients. Doc. 50 at 3. Lastly, Plaintiff asserts counsel Smith is a "potential" witness, which only remains as an uncertain possibility at this point. Doc. 47 at 2. Thus, the Court finds Plaintiff does not meet her burden to present grounds for counsel Smith's disqualification and will not disqualify counsel Smith from representing his clients here.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion for Leave to Appear Telephonically (Doc. 44) is **DENIED**.

2. The parties shall have up to and including **February 5, 2018 to SHOW CAUSE** as to why the PPTC should not cancelled and they should not be sanctioned for failure to comply with the Court's Orders, or, alternatively, to file a joint Case Management Report **prior to close of business on February 5, 2018**.

3. Plaintiff's Motion that Defendant, and Counsel, Randolph L. Smith Be Disallowed from Representing Co-Defendants pursuant to USC Title 26a, Rule 24 Appearance and Representation (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties