UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                       Case No: 2:17-cv-595-FtM-38CM

THE GARDENS OF GULF COVE
POA, INC, JOHN ANDERSON,
BREEN LUCILLE, JACK
ARLINGHAUS, DAHL HERMAN,
FRED STREIF, NAJMY THOMPSON
PL, STEPHEN W. THOMPSON,
JOSEPH NAJMY, LOUIS NAJMY,
RICHARD WELLER, RANDOLF L.
SMITH and MICHAEL J. SMITH,

    Defendants.
                                    /

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's (collectively "Najmy Defendants") Motion to Dismiss (Doc. 25) filed on November 27, 2017. *Pro se* Plaintiff Christine E. Marfut ("Marfut") filed an objection to the Najmy Defendants' Motion to Dismiss (Doc. 31) on December 8, 2017. Defendants Gardens of Gulf Coast POA, Inc., Lucille Breen, Herman Dahl, Jack Arlinghaus, Fred

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Streif, and John Anderson (collectively "Association Defendants") filed a Motion to Dismiss (Doc. 30) on December 5, 2017, and a Second Motion to Dismiss[2] (Doc. 38) on January 4, 2018.

In addition, this Court will consider Marfut's Motion to Strike (Doc. 33) Najmy Defendants' Motion to Dismiss, and her Motion to Strike (Doc. 39) Association Defendants' Motion to Dismiss. The Najmy Defendants filed a Response to Marfut's Motion to Strike (Doc. 45) on January 11, 2018. The Association Defendants filed a Response to Marfut's Motion to Strike (Doc. 48) on January 22, 2018. These matters are ripe for review.

## BACKGROUND

As best the Court can discern, the pertinent facts are as follows. This matter stems from fraudulent actions associated with an ongoing state foreclosure case. (Doc. 1). Marfut owns a home in Port Charlotte, Florida, and is a member of a homeowner's association, Gardens of Gulf Cove, POA. (Doc. 1 at 2). Defendants John Anderson, Breen Lucille, Jack Arlinghaus, Herman Dahl, and Fred Streif are officers or directors at Gardens of Gulf Cove, POA. (Doc. 1 at 2). Defendant Najmy Thompson, PL is the law firm responsible for collections for Gardens of Gulf Cove, POA, and Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith are principal members or associates at that law firm. (Doc. 1 at 2).

---

[2] The Court is unsure as to why the Association Defendants filed a Second Motion to Dismiss. (Doc. 38). Accordingly, the Court will deny the Association Defendants' Second Motion to Dismiss because it is procedurally improper, but it will consider the Association Defendants earlier filed Motion to Dismiss.

According to Marfut, Defendants engaged in calculated fraudulent actions in an attempt to obtain title to her home through an ongoing foreclosure case. (Doc. 1) In particular, Defendants fabricated debt, fined Marfut illegally, and falsified amounts owed by Marfut. (Doc. 1 at ¶¶ 8, 12, 52). Defendants then created fraudulent liens on Marfut's home that serve as the basis for the foreclosure action. (Doc. 1 at ¶¶ 8, 12, 52). In response, Marfut brought this action and seeks injunctive relief stopping the foreclosure action and monetary damages. (Doc. 1).

Now, Defendants move to dismiss Marfut's Complaint under various legal theories. And Marfut seeks to strike Defendants' Motions under Rule 12(f). After review, the Court denies Marfut's Motions to Strike and dismisses the Complaint.

## STANDARD OF REVIEW

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are limited to striking pleadings, which include complaints, answers, and a reply to an answer. See Fed. R. Civ. P. 12(f); *see also* Fed. R. Civ. P. 7 (limiting pleadings to complaints, answers, and certain replies). So these type of motions cannot be used to strike other motions. See *Feingold v. Budner*, 08-80539-CIV, 2008 WL 4610031, at *3 (S.D. Fla. Oct. 10, 2008). Further, motions to strike are considered dramatic remedies and are disfavored by courts. See *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017); *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1361 (M.D. Fla. 2015).

## B. Motion to Dismiss

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Rule 8 also requires that defendants have sufficient notice of the claims against them. *See Carvel v. Godley*, 404 Fed. Appx. 359, 361 (11th Cir. 2010). Shotgun pleadings, which have been consistently condemned by the Eleventh Circuit, are the antithesis of a short and plain statement under Rule 8. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). These type of pleadings fall into four categories:

> [t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The tether that ties these pleadings together is the failure to give defendant's notice of the claims against them. *Id.* Against that backdrop, the Court turns to the issues at hand.

4

## DISCUSSION

To start, the Court will address Marfut's Motions to Strike. (Docs. 33; 39). The Court denies both Motions for two reasons.³ First, Marfut failed to comply with Local Rule 3.01(g), which requires, in part, that

> [b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

M.D. Fla. Local Rule 3.01(g). Marfut did not provide the requisite certifications that she conferred with opposing counsel before filing her Motions to Strike. And even though Marfut is proceeding *pro se*, she must still follow the Local Rules, which can be found of the Court's website.⁴ Second, the Court cannot grant the relief Marfut requests because she improperly seeks to strike Defendants' Motions to Dismiss under Rule 12(f). As stated, a Rule 12(f) motion allows a court to strike pleadings, not motions. *See Harrington v. RoundPoint Mortg. Servicing Corp.*, 215CV322FTM38MRM, 2017 WL 1331072, at *1 (M.D. Fla. Apr. 11, 2017). For these two reasons, Marfut's Motions to Strike are denied.

Next, the Court turns to Defendants' Motions to Dismiss. The Court will start with the most basic argument: whether the Complaint violates Rule 8. (Doc. 30 at 5). The Court finds that it does. The Complaint fails to notify the Defendants of all the claims

---

³ Marfut also argues that attorney Randolph L. Smith must be disqualified from representing the Najmy Defendants. Magistrate Judge Mirando considered the issue in Marfut's Motion to Disqualify and found that Marfut did not present sufficient grounds to disqualify Mr. Smith. (Doc. 52). In addition, Magistrate Judge Mirando noted that Mr. Smith obtained "informed consent in writing from each of his clients." (Doc. 52 at 3). The Court finds that reasoning sound and denies Marfut's arguments for the same reasons.
⁴ Or Marfut can find the Local Rules through a direct link to https://www.flmd.uscourts.gov/forms/USDC-MDFL-LocalRules12-2009.pdf.

against them because it is rife with vague, conclusory allegations and groups separate legal theories into the same claim. See Weiland, 792 F.3d at 1321–23. And depending on how the Complaint is read, and the best the court can discern, it contains between three and six claims.

Indeed, the biggest issue with Marfut's Complaint is that it is unclear, at times, what claims she seeks to plead. For instance, it appears that Marfut strives to plead mail fraud, honest services fraud, and violations of the Fair Debt Collection Practices Act.[5] (Doc. 1 at 5-12). Outside of those claims, the Complaint also contains allegations related to the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Doc. 1 at 3), a potential breach of fiduciary duty claim (Doc. 1 at 3, 12), and violations of Marfut's Fifth, Seventh, and Fourteenth Amendment rights under 42 U.S.C. § 1983. (Doc. 1 at 13-14). It remains to be seen if Marfut seeks to plead a RICO claim, a breach of fiduciary duty claim, or a section 1983 claim, or if the allegations referencing those statutes, amendments, or rules of law are there for another purpose.

At bottom, Marfut's Complaint fails to notify Defendants of all the claims against them, and the Court will dismiss the Complaint without prejudice and grant Marfut a chance to amend. The Court need not address the Defendants' other arguments at this time because compliance with Rule 8 is mandatory. As guidance for future pleadings, the Court points Marfut to the United States District Court for the Middle District of Florida's website, which provides basic information to individuals who proceed without

---

[5] At this point, the Court would be remiss if it did not note that there are no independent civil claims for mail fraud under 18 U.S.C. § 1341 or honest services fraud under 18 U.S.C. § 1346. See Ayres v. Gen. Motors Corp., 234 F.3d 514, 519 n.8 (11th Cir. 2000); Marfut v. City of N. Port, Fla., 8:08-CV-2006-T-27EAJ, 2009 WL 790111, at *9 (M.D. Fla. Mar. 25, 2009).

lawyers in civil cases.[6] Marfut should also review the Federal Rules of Civil Procedure, notably Rules 7, 8, 9, and 10.

Accordingly, it is now

**ORDERED:**

(1) Christine E. Marfut's Motions to Strike Defendants' Motion to Dismiss (Docs. 33; 39) are **DENIED.**

(2) Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's Motion to Dismiss (Doc. 25) is **GRANTED.**

(3) Defendants Gardens of Gulf Coast Property Owner's Association, Inc., Lucille Breen, Herman Dahl, Jack Arlinghaus, Fred Streif, and John Anderson's Motion to Dismiss (Doc. 30) is **GRANTED.**

(4) Defendants Gardens of Gulf Coast Property Owner's Association, Inc., Lucille Breen, Herman Dahl, Jack Arlinghaus, Fred Streif, and John Anderson's Second Motion to Dismiss (Doc. 38) is **DENIED.**

(5) Plaintiff Christine E. Marfut's Complaint (Doc. 1) is **DISMISSED without prejudice.**

(6) Plaintiff Christine E. Marfut may file an amended complaint on or before **February 23, 2018. Failure to do so will may result in this case being dismissed with prejudice.**

---

[6] The Court's website is http://www.flmd.uscourts.gov/pro_se/default.htm.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record