UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                Case No: 2:17-cv-595-FtM-38CM

THE GARDENS OF GULF COVE
POA, INC, JOHN ANDERSON,
BREEN LUCILLE, JACK
ARLINGHAUS, HERMAN DAHL,
FRED STREIF, NAJMY THOMPSON
PL, STEPHEN W. THOMPSON,
JOSEPH NAJMY, LOUIS NAJMY,
RICHARD WELLER, RANDOLF L.
SMITH and MICHAEL J. SMITH,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's (collectively "Najmy Defendants") Motion to Dismiss the Amended Complaint (Doc. 65), and Defendants The Gardens of Gulf Cove Property Owner's Association, Inc., Lucille Breen, Herman Dahl, Jack Arlinghaus, Fred Streif, and John Anderson's (collectively "Association Defendants") Motion to Dismiss the Amended

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Complaint (Doc. 66). *Pro se* Plaintiff Christine E. Marfut has filed Responses in Opposition. (Docs. 67; 69). Marfut has also filed a "Motion to Compel Defendants to Answer Plaintiff's Amended Complaint" (Doc. 70) that the Court construes as an additional response.[2] These matters are ripe for review.

## BACKGROUND

This case stems from an alleged scheme to defraud Marfut of her home. (Doc. 64). Marfut was a member of a property owner's association, The Gardens of Gulf Cove Property Owner's Association, Inc. (Doc. 64 at 3). Marfut received mailings from The Gardens of Gulf Cove and its collection agent, Najmy Thompson P.L., about unpaid annual assessments and other fines. (Doc. 64 at 3-7). Marfut maintains that she not only paid her annual assessment but that the other fines were fabricated. (Doc. 64 at ¶¶ 6, 22). These events occurred over several years, finally coming to a head when Najmy Thompson P.L. mailed a letter to Marfut seeking $30,000 in liens and attorney's fees and threatening to foreclose on Marfut's home if she did not pay. This string of events led to a state foreclosure action against Marfut. (Doc. 64 at ¶ 34).

In response, Marfut sued. The Court dismissed Marfut's first complaint as a shotgun pleading but granted her leave to amend. (Doc. 56). Marfut then filed an Amended Complaint alleging mail fraud, honest services fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 64). Defendants now move to dismiss the Amended Complaint.[3] (Docs. 65; 66).

---

[2] Although Marfut filed her additional response (Doc. 70) outside the fourteen-day period, the Court will consider it because of her *pro se* status. In the future, Marfut must comply with all applicable deadlines.

[3] The Association Defendants joined the Najmy Defendants' Motion to Dismiss. (Doc. 68).

2

**STANDARD OF REVIEW**

To survive a motion to dismiss, a pleading must contain sufficient factual material to raise a claim for relief above the speculative level. *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "[D]etailed factual allegations" are not required, but a plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotations omitted). Reviewing courts must accept all factual allegations as true but need not accept legal conclusions as true. *See id.* at 678. A court must identify the factual allegations, assume their veracity, and then determine whether the facts give rise to a plausible claim for relief. *See id.* at 679.

Courts must also consider a plaintiff's *pro se* status. If a plaintiff is *pro se*, she is entitled to leniency, and courts will construe a *pro se* pleading liberally. *See Miller v. Bank of New York Mellon*, 228 F. Supp. 3d 1287, 1290 (M.D. Fla. 2017). But *"pro se* complaints . . . must [still] comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x. 368, 371 (11th Cir. 2005). Against that backdrop, the Court turns to Defendants' arguments for dismissing the Amended Complaint.

**DISCUSSION**

Marfut alleges three separate causes of action: (1) mail fraud; (2) honest services fraud; and (3) violations of the FDCPA. Yet problems still exist with these claims.

**A. Mail Fraud and Honest Services Fraud**

As stated in the Court's prior order, there are no private causes of action for mail fraud under 18 U.S.C. § 1341 or honest services fraud under 18 U.S.C. § 1346 as pled by Marfut. (Doc. 56 at 6 n.5); *see also Marfut v. City of N. Port, Fla.*, 8:08-CV-2006-T-

27EAJ, 2009 WL 790111, at *9 (M.D. Fla. Mar. 25, 2009). Thus, Marfut's mail fraud and honest services fraud claims are dismissed with prejudice.

### B. FDCPA

Marfut's FDCPA claim contains one paragraph alleging that Defendant Stephen Thompson claimed a $250 fee for an April 3, 2012 collection letter.[4] And in the general fact section, Marfut alleges that she received a second collection letter on May 24, 2012, a "Photo Notice" on August 20, 2014, an invoice on August 25, 2014, and a "extortionist letter" on March 11, 2016.[5] (Doc. 64 at ¶¶ 12, 14, 21-22, 30). As best the Court can discern, she alleges these mailings violated the FDCPA.

Defendants respond that Marfut's FDCPA claim fails because the alleged violations fall outside the one-year statute of limitations. (Doc. 65 at 2-3). Generally, "a statute of limitations argument is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (alteration in original) (citation omitted). But a court may determine whether a claim is barred by the statute of limitations at the motion to dismiss stage if it is "apparent from the face of the complaint that the claim is time-barred." *Id.* (internal quotations omitted). Under the FDCPA, a plaintiff must sue "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); see *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995). With mailings, like here, the day

---

[4] The allegation reads, "Defendant Stephen W. Thompson on behalf of Najmy Thompson PL, as a collection agent for . . . [The Gardens of Gulf Cove Property Owner's Association, Inc.] did, on April 3, 2012, mail Plaintiff a letter which cited the FDCPA. (Plaintiff's Exhibit "A") Stephen W. Thompson did claim a $250 fee within this collection letter, presumably for the letter/communication itself, which violates ss808 (5) of the act." (Doc. 64 at ¶ 41).
[5] Marfut also alleges that Defendants created a false claim of lien on May 23, 2012. (Doc. 64 at ¶ 7).

4

after any letter is mailed "is the date from which the one-year period of limitations began to run." *Maloy*, 64 F.3d at 608. According to the Amended Complaint, the most recent mailing occurred on March 11, 2016, nineteen months before Marfut filed this case on October 31, 2017. (Doc. 1). Therefore, these mailings fall outside the statutory period and cannot act as standalone violations of the FDCPA.

That said, Marfut makes several arguments related to the statutory period. She first argues that Defendants reset the statute of limitations for the April 3, 2012 and May 24, 2012 collection letters because they were used in the state foreclosure action.[6] (Doc. 67 at 3). In a companion argument, Marfut argues that the collection letters represent "continuing violations" and therefore do not fall outside the statute of limitations. (Doc. 67 at 5). Marfut cites to no legal authority to support these arguments. (Doc. 67 at 3). For the following reasons, the Court finds Marfut's arguments unpersuasive.

While there is no Eleventh Circuit precedent on these issues, other courts have addressed the applicability of the continuing violations theory to FDCPA claims. *See e.g. Arvie v. Dodeka, LLC*, CIV.A. H-09-1076, 2010 WL 4312907, at *11 (S.D. Tex. Oct. 25, 2010) (aggregating conflicting cases on the continuing violations theory). And amongst those cases, the Court finds that the better-reasoned approach, for statute of limitations purposes, is to analyze discrete violations individually. *See Arvie*, CIV.A. H-09-1076, 2010 WL 4312907, at *9; *see also Gajewski v. Ocwen Loan Servicing*, 650 F. App'x. 283, 286 (7th Cir. 2016) (finding that the continuing violations doctrine did not apply to defendants' acts in a foreclosure action). Under this approach, "the claims based on acts

---

[6] The Court also notes that the Amended Complaint fails to identify any date or dates associated with the state foreclosure action. (Doc. 64).

occurring within the statute of limitations are not barred, but claims based on acts outside the statute are barred." *Arvie*, CIV.A. H-09-1076, 2010 WL 4312907, at *9. This construal also avoids the potential pitfall that a discrete violation would never be time-barred because a future violation could revive a time-barred violation. Applying this reasoning, Marfut's arguments to "reset" the statute of limitations or that the collection letters represent a continuing violation fail. At bottom, such barred violations can no longer stand as distinct claims under the FDCPA, although evidence of the barred violations may still relate to an FDCPA claim within the statute of limitations.

Next, Marfut argues that her FDCPA claim is not barred by the statute of limitations because she learned of the foreclosure suit less than a year before filing this action. (Doc. 67 at 4-6). As best the Court can discern, she is arguing that the foreclosure action itself violates the FDCPA because Najmy Thompson P.L. failed to verify her debt under 15 U.S.C. § 1692g(b) before seeking to foreclose on Marfut's home or because Najmy Thompson P.L. misrepresented that a debt was due. (Doc. 67 at 4). But even viewing the Amended Complaint liberally, it is unclear if Marfut pled that the foreclosure suit itself violates the FDCPA. (Doc. 64). At most, Marfut alleges that the foreclosure action is "fraudulent." (Doc. 64 at 4). It is thus difficult to determine if Marfut's entire claim fell outside the statute of limitations.

In an abundance of caution and liberally construing Marfut's Responses to argue that the state foreclosure suit violated the FDCPA, the Court will grant Marfut one final chance to amend her pleading. If she elects to do so, Marfut may plead the foreclosure lawsuit violated the FDCPA. *See generally Malowney v. Bush/Ross*, 809-CV-1189-T-30TGW, 2010 WL 3340493, at *3 (M.D. Fla. Aug. 25, 2010). (holding that to state an

FDCPA claim, a plaintiff must plead "(1) [s]he is the object of a collection activity arising from a consumer debt, (2) [d]efendants are debt collectors as defined in the statute, and (3) [d]efendants have engaged in an act prohibited by the statute."). The Court also cautions Marfut that lumping Defendants together or generally stating that the Defendants are "jointly and severally liable" in her FDCPA claim is insufficient. Marfut must plainly state her claim against each Defendant in compliance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2).

One last point on Marfut's potential FDCPA claim. The Association Defendants argue that Marfut's FDCPA claim must be dismissed because she failed to file it as a compulsory counterclaim in the state foreclosure suit. (Doc. 66 at 9-11). To determine whether a counterclaim is compulsory under Federal Rule of Civil Procedure 13, courts use the logical relationship test. See *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (internal quotation marks omitted). This Court has considered this issue and determined that FDCPA claims are not logically related to foreclosure actions. See *Adams v. Albertelli*, 215CV620FTM38MRM, 2016 WL 931103, at *3 (M.D. Fla. Mar. 11, 2016)*; see also *Roban v. Marinosci L. Group*, 34 F. Supp. 3d 1252, 1256 (S.D. Fla. 2014)*. At bottom, Marfut's FDCPA claim was not a compulsory counterclaim, and she did not need to file it in the state foreclosure suit.

7

C. **Service**

The Association Defendants also argue that Marfut's claims must be dismissed because Marfut failed "to timely effectuate service of process in violation of Federal Rule of Civil Procedure 4." (Doc. 66 at ¶ 8). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time frame." Here, the Association Defendants have not waived their objection to service of process. (Docs. 30; 66). Thus, if Marfut chooses to amend her pleading, the Court orders her to serve the Association Defendants with her amended pleading or provide proof of such service under Rule 4(l) on or before June 30, 2018.

D. **Conclusion**

The Court dismisses Marfut's claims for mail fraud and honest services fraud with prejudice. It also dismisses Marfut's FDCPA claim without prejudice and grants her one final opportunity to amend to allege a violation in the one-year limitations period. If she amends, Marfut must also serve the Association Defendants with her amended pleading or provide proof of such service under Rule 4(l) on or before June 30, 2018.

Accordingly, it is now

**ORDERED:**

(1) Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's Motion to Dismiss the Amended Complaint (Doc. 65), and Defendants The Gardens of Gulf Cove Property Owner's Association, Inc., Lucille Breen, Herman Dahl,

8

Jack Arlinghaus, Fred Streif, and John Anderson's Motion to Dismiss the Amended Complaint (Doc. 66) are **GRANTED in part and DENIED in part.**

a. Plaintiff Christine E. Marfut's claims for mail fraud and honest services fraud are **DISMISSED with prejudice.**

b. Plaintiff Christine E. Marfut's claim for violating the Fair Debt Collection Practices Act is **DISMISSED without prejudice.**

c. Plaintiff Christine E. Marfut may file a second amended complaint on or before **April 30, 2018**. **Failure to do so WILL result in this case being dismissed with prejudice.**

d. Plaintiff Christine E. Marfut must effectuate service on the Association Defendants or provide proof of such service under Federal Rule of Civil Procedure 4(l) on or before **June 30, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April, 2018.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record