UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                               Case No: 2:17-cv-595-FtM-38CM

THE GARDENS OF GULF COVE
POA, INC, JOHN ANDERSON,
BREEN LUCILLE, JACK
ARLINGHAUS, DAHL HERMAN,
FRED STREIF, NAMY THOMPSON
PL, STEPHEN W. THOMPSON,
JOSEPH NAJMY, LOUIS NAJMY,
RICHARD WELLER, RANDOLF L.
SMITH, MICHAEL J. SMITH, MARY
VANDERBUILT, HELEN M.
RAIMBEAU, REED ELL, RAY
FORSHEE, SANDY WEAVER, JIM
NEWKIRK and TOM SULLIVAN,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before this Court is Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's (collectively "Najmy Defendants") Motion to Dismiss the Second Amended Complaint

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 76) and Marfut's Response in Opposition (Doc. 99).[2]  Defendants The Gardens of Gulf Cove Property Owner's Association, Inc., John Anderson, Jack Arlinghaus, Herman Dahl, Lucille Breen, and Fred Streif (collectively "Association Defendants") joined the Najmy Defendants' Motion to Dismiss.[3] (Doc. 77).  This matter is ripe for review.

## BACKGROUND

This case stems from an alleged scheme to defraud Marfut of her home.  (*See* Doc. 75).  Marfut's home is located within The Gardens of Gulf Cove Community and its Property Owner's Association.  (Doc. 75 at ¶ 13).  Marfut claims she paid her annual assessment, but The Gardens of Gulf Cove Association and its collection agent, the law firm of Najmy Thompson P.L., sent Marfut collection letters for overdue assessments and other fines.  (Doc. 75 at ¶ 20).  Marfut alleges the Association changed the annual assessment due date without notice, which began this series of events.  (Doc. 75 at ¶ 15).  Since then, Marfut claims both the Najmy Defendants and the Association Defendants fraudulently billed her for sham homeowner's violations and fabricated fines.  (*See e.g.*, Doc. 75 at 20, 31 – 33).  Marfut then received a letter threatening foreclosure unless she paid Najmy's Law Firm on behalf of The Gardens of Gulf Cove.  (Doc. 75 at ¶ 31).

In response, Marfut sued.  The Court dismissed Marfut's original complaint without prejudice as a shotgun pleading and directed her to review the Federal Rules of Civil Procedure.  (Doc. 56).  Marfut then filed an amended complaint alleging mail fraud, honest

---

[2] Marfut's Response was untimely, but the Court reviewed and considered her arguments because of her *pro se* status.
[3] The Association Defendants subsequently filed their own Motion to Dismiss Plaintiff's Second Amended Complaint outside the relevant time period. (Doc. 98).  Regardless, the Court need not consider this Motion to arrive at its decision.

services fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 64). The Court dismissed Marfut's claims of mail fraud and honest services fraud with prejudice but granted her the opportunity to allege an FDCPA claim within the statute of limitations. (Doc. 71 at 4). In that order, the Court also directed Marfut to "plainly state her claim against each Defendant in compliance with the Federal Rules of Civil Procedure" and granted her one final opportunity to amend her pleading. (Doc. 71 at 6-7). Marfut then filed her Second Amended Complaint, and as best the Court can tell, she now alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 75 at 1). Defendants move to dismiss the Second Amended Complaint. (Docs. 76, 77).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must include plausible factual allegations sufficient to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Further, a plaintiff must avoid shotgun pleadings, which are those type of pleadings that "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four rough types of shotgun pleadings).

A heightened pleading standard is applicable if a plaintiff alleges fraud. The plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the [p]laintiff[]; and (4) what the defendants gained by the alleged fraud." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 483 (11th Cir. 2015); *see also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). A complaint against multiple defendants must allege facts about each defendant's participation in the fraud. *Am. Dental Ass'n*, 605 F.3d at 1291.

In reviewing a motion to dismiss, courts must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft*, 556 U.S. at 678. Courts must also consider a plaintiff's *pro se* status and construe a *pro se* pleading liberally. *Miller v. Bank of New York Mellon*, 228 F.Supp. 3d 1287, 1290 (M.D. Fla. 2017). However, "*pro se* complaints . . . must [still] comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F.App'x. 368, 371 (11th Cir. 2005).

## DISCUSSION

Defendants argue that the Second Amended Complaint must be dismissed because it violates this Court's previous orders and Rule 8. (Doc. 76). Defendants also argue that the Second Amended Complaint fails to allege predicate acts with the required specificity to state a RICO claim. (Doc. 76). Marfut contends that she pled a RICO violation. (Doc. 99). After review, the Court finds the Second Amended Complaint fails to comply with the federal rules of civil procedure.

The Second Amended Complaint is rife with conclusory, vague, and confusing allegations. It also lumps Defendants together despite the Court's cautionary instruction against doing so. (Doc. 71 at 6). The Second Amended Complaint adds seven new Defendants but does not specify how these Defendants' actions factor into the alleged RICO violation. (Doc. 75). This pleading deficiency is not limited to just the new Defendants. Indeed, the specific allegations against almost all Defendants are limited to their names and positions. (Doc. 75 at ¶¶ 11-12). These Defendants are then never again mentioned individually, and their involvement is impossible to determine. (Doc. 75). And identifying the specific actions of the Defendants is even more important in a RICO claim because the heightened pleading standard of Rule 9(b) applies. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380 (11th Cir. 1997). But here, neither the Court nor the Defendants can discern which parties are responsible for what acts. Even reading the Second Amended Complaint with the utmost leniency, the jumbled conclusory allegations do not give rise to a plausible right for relief. In short, the Second Amended Complaint does not comply with Rule 8 or the heightened pleading standard of Rule 9(b).

Thus, the Second Amended Complaint is due to be dismissed. And because this is the third time the Court has dismissed a pleading, it will do so with prejudice. *See Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x. 987 (11th Cir. 2015) (affirming district court's dismissal of *pro se* plaintiff's amended complaint with prejudice as a shotgun pleading that failed to comply with court rules, ignored advice in a court order, and was just as confusing as the initial complaint).

Accordingly, it is now

**ORDERED:**

(1) Defendants Najmy Thompson, P.L., Stephen W. Thompson, Joseph Najmy, Louis Najmy, Richard Weller, Randolph L. Smith, and Michael J. Smith's Motion to Dismiss the Second Amended Complaint (Doc. 76) is **GRANTED.** Plaintiff Christine E. Marfut's Second Amended Complaint is **DISMISSED with prejudice.**

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record